Julio Cesar **MORON** et al., Plaintiffs-Appellees,

v.

**BERTRAM YACHT SALES, INC.,** et al., Defendants-Appellants.

No. 71-3366

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 20, 1972.

Rehearing and Rehearing En Banc Denied May 25, 1972.

---

1. The Board's decision and order are reported at 189 NLRB No. 66 (March 29, 1971).

* [1]  Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Davis S. Batcheller, William O. Mehrtens, Jr., Miami, Fla., for defendants-appellants.

Frank J. Marston, Henry W. Krystow, Miami, Fla., for plaintiffs-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Julio Cesar Moron, a citizen of Venezuela, and his Lloyds of London insurance underwriters' (Moron), brought suit in the district court against Bertram Yacht Sales, Inc., (Bertram) a Florida corporation, to recover for damages suffered by a yacht, (purchased from Bertram by Moron), in a fire while the vessel was moored in its Venezuelan home port. Following a non-jury trial, the court below entered judgment for Moron in the amount of $124,800.00. Bertram has appealed to this Court, contending that the district court's findings of fact were speculative, conjectural, not supported by the evidence, and clearly erroneous. We affirm.

On June 10, 1968, Bertram sold a fifty foot Hatteras twin-screw Diesel yacht, manufactured by the Hatteras Yacht Company of North Carolina, to Moron for a purchase price in excess of $150,000.00. Before making the sale, Bertram's employees inspected the vessel and found it to be in good condition. Moron and his crew subsequently took the yacht to Venezuela. During the course of this voyage it became necessary for the vessel to put into port at Puerto Rico where substantial warranty repairs were accomplished.

Following the vessel's arrival at its home port in Venezuela, Moron notified Bertram and the Hatteras Yacht Company of the need for additional warranty repairs. Bertram dispatched its employee Hazelwood and Hatteras sent its employee Vickers to Venezuela for further warranty work. The repairs were made by Vickers. Before and after the repairs were made, Hazelwood inspected the vessel, at which time he observed substantial salt-water intrusion into the compartment containing the vessel's electrical system. Before leaving Venezuela, Vickers and Hazelwood took the yacht on a two-hour sea trial, after which Hazelwood pronounced the vessel in good condition. Hazelwood did not advise Moron that the vessel was leaking and that the electrical system had been damaged by salt water. The repairs which Vickers had performed were not related to these conditions.

The yacht burned at its mooring on September 26, 1968. The fire appears to have originated in the electrical system. At trial, Moron pursued the theory that Bertram's employees had negligently installed a radio ground strap in the bilge of the vessel, thereby permitting a short-circuit to occur. In addition to this particularized theory, Moron contended that the yacht, in general, was unseaworthy.

At the conclusion of the trial, the district judge rendered his findings of fact and conclusions of law orally from the bench. The trial judge disclaimed any knowledge of the precise location of the fire's origin and found that the radio ground strap was not the cause of the

blaze. He went on to find that the yacht was full of leaks and that substantial salt-water intrusion had taken place throughout the electrical system between the time Moron took delivery of the yacht and the time Vickers and Hazelwood traveled to Venezuela. The trial judge further determined that Hazelwood was under a duty to warn Moron of the yacht's dangerous condition, that the leaks and salt-water intrusion proximately caused the fire which damaged the vessel, and that the vessel, prior to the fire, was unseaworthy. On the basis of these findings, the district judge concluded that Hazelwood, and his employer, had been negligent in failing to discover the leaks prior to the sale to Moron and in failing to warn Moron of the danger during the course of Hazelwood's visit to Venezuela.

On this appeal, Bertram does not claim that it was taken by surprise and not permitted to meet the theory based upon salt-water damage to the electrical system. Bertram's appeal is limited to an attack upon the accuracy of the district court's findings of fact. Moron, of course, is perfectly content to rely upon the theory embraced by the court below.

■ After carefully reviewing the record and briefs in this case, we are unable to conclude that the district court's findings of fact are "clearly erroneous" within the meaning of Rule 52(a), Federal Rules of Civil Procedure. See McAllister v. United States, 1954, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20. The judgment of the district court is

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

Before GEWIN, AINSWORTH * and SIMPSON, Circuit Judges.

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

* Judge Ainsworth took no part in the consideration and decision of the Petition for Rehearing and for Rehearing en banc.